■ Roderick C. Torrence, Respondent, v Gordon H. Hastings et al., Appellants, et al., Defendant.—Levine, J. Appeal from an order of the Supreme Court (Harlem, J.), entered January 17, 1991 in Otsego County, which granted plaintiff's motion for summary judgment.

In July 1989, plaintiff and defendants Gordon H. Hastings and Lynn A. Hastings (hereinafter collectively referred to as defendants) entered into a contract for the sale of a house

constructed by plaintiff in the Town of Otsego, Otsego County. Approximately one week prior to the closing, it was discovered that the Town Codes Enforcement Officer refused to issue a final certificate of occupancy based upon his conclusion that the designation of the house's third-floor space as "nonhabitable" did not meet the requirements of the State Uniform Fire Prevention and Building Code (see, 9 NYCRR part 650). Consequently, defendants' counsel drafted an agreement requiring that plaintiff obtain within 90 days a final certificate of occupancy permitting use of the third floor as constructed, i.e., as a fourth bedroom and a bathroom, or forfeit $40,800 of the purchase price which was to be held in escrow. In response, plaintiff submitted a counteragreement providing that only $30,000 be held in escrow for a period of four months, during which time he was to obtain "a decision from New York State Uniform Fire Prevention and Building Code Board of Review concerning the furnished [sic] attic sufficient to obtain a Certificate of Occupancy for the entire structure". Only this latter escrow agreement was signed by the parties at the closing on August 17, 1989.

Subsequently, in September 1989 plaintiff sought and obtained from the State Codes Division a determination that classification of the third-floor space as "nonhabitable space" would allow use of that area as a bathroom and recreation room. Based upon this determination, a certificate of occupancy was issued for the entire premises. Plaintiff then requested authorization for release of the escrow funds. When that request was denied by defendants, plaintiff commenced the instant action seeking $30,000 in accordance with the escrow agreement. Defendants answered, asserting a defense and counterclaims based on fraud and mistake. Essentially, defendants alleged that plaintiff was not entitled to the escrow funds because, despite his representations to the contrary, he was unable to obtain a certificate of occupancy permitting use of the third-floor space as a fourth bedroom. Plaintiff then moved for summary judgment on his complaint. Supreme Court granted the motion and this appeal followed.

There should be an affirmance. Defendants' opposition to plaintiff's summary judgment motion consisted of, inter alia, an affidavit by Gordon Hastings wherein he stated that plaintiff knew at all times that defendants required a four-bedroom house and continually made oral assurances "that the house did or would contain four bedrooms". Also included in defendants' opposing papers were a "New House Fact Sheet" and floor plans for the house which had been provided to defen-

dants prior to execution of the contract to purchase. These documents described the house as having four bedrooms. However, the contract to purchase, which by its own terms was to contain the entire agreement between the parties, specifically described the house as "a 2 story wood frame, 3 bedroom dwelling house with attic". Similarly, the parties' escrow agreement described the third-floor space as a "finished" attic and made no reference to a fourth bedroom. Given the clear, unambiguous language of these contracts, defendants were required to come forward with a "high order of evidence" in support of their claims of fraud and mistake in order to overcome the heavy presumption that the signed agreements evidenced the intent of the parties (Chimart Assocs. v Paul, 66 NY2d 570, 574; see, Backer Mgt. Corp. v Acme Quilting Co., 46 NY2d 211, 219-220). In our view, the proof submitted by defendants fell short of satisfying this burden.

It is undisputed that defendants proceeded with the execution of the contract to purchase notwithstanding the discrepancy between the fact sheet and floor plans and the contract description of the house. Furthermore, the facts surrounding the closing and execution of the escrow agreement demonstrated that defendants were on notice that a bedroom could not be installed on the third floor. Significantly, defendants' proposed escrow agreement requiring that plaintiff obtain a certificate of occupancy permitting use of the third floor as a bedroom was not signed by the parties. We agree with Supreme Court that the foregoing circumstances precluded a finding of fraud or mistake. Because plaintiff satisfied his obligation under the escrow agreement by obtaining an official decision sufficient to secure a final certificate of occupancy for the house, he is entitled to recover the $30,000 held in escrow. Accordingly, Supreme Court properly granted plaintiff summary judgment on his complaint.

Mahoney, P. J., Casey, Mercure and Crew III, JJ., concur. Ordered that the order is affirmed, with costs.